IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PDII, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24CV430 |
| | ) | |
| SKY AIRCRAFT MAINTENANCE, LLC, | ) | |
| SKY AVIATION HOLDINGS, LLC, & | ) | |
| TBO EXTENSION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff PDII, LLC's ("Plaintiff") Motion to Remand this action to state court pursuant to 28 U.S.C. § 1447. (Docket Entry 12.) Defendants Sky Aircraft Maintenance, LLC ("Sky Aircraft Maintenance"), Sky Aviation Holdings, LLC ("Sky Aviation Holdings"), and TBO Extension, LLC ("TBO"), (jointly, "Defendants") have filed a response in opposition to Plaintiff's Motion (Docket Entry 20) and Plaintiff has filed a reply. (Docket Entry 23.) The matter is ripe for disposition. For the reasons stated herein, the undersigned recommends that Plaintiff's Motion be granted, and this action be remanded to the General Court of Justice, Superior Court Division, in Cabarrus County, North Carolina.

### I.    PROCEDURAL BACKGROUND

Plaintiff commenced this action against Defendants in the General Court of Justice, Superior Court Division, in Cabarrus County, North Carolina on or about April 22, 2024.

(Complaint, Docket Entry 7.) On May 24, 2024, Defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Docket Entry 1.) Defendants thereafter filed an answer to the Complaint. (Docket Entry 9.) Plaintiff then filed a Motion to Remand (Docket Entry 12) supported by briefing (Docket Entry 13). Along with their opposition brief (Docket Entry 20), Defendants filed an Amended Notice of Removal ("Amended Notice") "to remediate technical defects in allegations of jurisdiction contained in the Original Notice of Removal." (Docket Entry 16 at 1.)[1] Finally, Plaintiff filed a reply brief in support of its Motion for Remand. (Docket Entry 23.)

## II. FACTUAL BACKGROUND

Plaintiff seeks damages against Defendants for breach of contract, breach of the implied covenant of good faith and fair dealing, monies had and received, and unjust enrichment, all under North Carolina law. (Compl. ¶¶ 45-81.) According to Plaintiff's Complaint, these claims stem from a contract between Plaintiff and TBO. (*Id.* ¶ 29.) Plaintiff alleges it paid TBO $195,000 in exchange for maintenance work on the jet engines of Plaintiff's aircraft. (*Id.* ¶¶ 29-33.) However, before any such work could be performed, Plaintiff alleges that its aircraft was involved in an accident and damaged beyond repair. (*Id.* ¶¶ 34-38.) Plaintiff alleges that Defendants refused to return the $195,000 payment despite being unable to perform the contracted-for services. (*Id.* ¶¶ 39-44.) Plaintiff further alleges that TBO, Sky Aircraft Maintenance, and Sky Aviation Holdings are all "operated and managed as a single entity" by Mark B. Goldstein and Thomas Conlan. (*Id.* ¶ 28.)

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

## III. DISCUSSION

Plaintiff seeks an order remanding this action to state court. (Docket Entry 12.) It argues that remand is proper "because Defendants have not sufficiently plead [sic] complete diversity of citizenship between parties." (*Id.* at 1.) Defendants argue that diversity of citizenship exists because, unlike Plaintiff, Defendants are not North Carolina citizens. (Docket Entry 20 at 5-11.) Along with the opposition brief, Defendants filed the Amended Notice "to cure the technical defect within the jurisdictional allegations of the Original Notice of Removal." (*Id.* at 3 n.1.) As explained further below, the Amended Notice traces Defendants' members to three corporations with citizenship in Delaware and Florida, four individual citizens of California[2], unnamed limited partners, "none of whom are domiciliaries or citizens of the State of North Carolina," and unnamed "remaining members [who] are not domiciliaries or residents of the State of North Carolina." (Docket Entry 16 at 5-8.) Defendants also submitted the affidavits of two individuals: Mr. Thomas Conlan, Defendants' former sole member, and Mr. Jeffrey Schwartz, a manager of an entity within Defendants' multiple layers of ownership. (*See* Declaration of Thomas Conlan ¶ 4, Docket Entry 20-1; Declaration of Jeffrey Schwartz ¶ 3, Docket Entry 20-2.) Both declarations repeat the allegation that the unnamed limited partners and remaining members are not North Carolina citizens but provide no additional information. (*See* Conlan Decl. ¶¶ 18(a), 18(c); Schwartz Decl. ¶¶ 6, 10.)

---

[2] Defendants' Amended Notice states only that the individually-named members of Corbel Capital Advisors SBIC II, LLC are "residents" of California, not "domiciliaries." (Docket Entry 16 at 6-7.) However, Schwartz's declaration clarifies that "[e]ach of these individuals are domiciliaries of the State of California." (Schwartz Decl. ¶ 9.)

3

In its reply brief, Plaintiff argues that "Defendants' calculated failure to disclose the identity of these 'remaining members,' beyond this vague and evasive description, undoubtably calls into question the legitimacy of Defendants' claims of diversity." (Docket Entry 23 at 4.) Plaintiff also faults Defendants for failing to provide documentation of their business structure beyond the two declarations. (*Id.* at 4-5.) As explained below, the undersigned concludes that Defendants have failed to meet their burden of demonstrating that removal jurisdiction is proper.

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a)." *Graham v. Antero Res. Corp.*, 198 F. Supp. 3d 712, 715 (N.D.W. Va. 2016), *aff'd*, 714 F. App'x 257 (4th Cir. 2018). The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Pursuant to 28 U.S.C. § 1446(a), a notice of removal must "contain[] a short and plain statement of the grounds for removal", which the Fourth Circuit has explained as "deliberately parallel to the requirements for notice pleading found in Rule 8(a) of the Federal Rules of Civil Procedure", *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008). However, "when removal is challenged, the removing party bears the burden of *demonstrating* that removal jurisdiction is proper." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008) (emphasis in original) (citation omitted). "Because removal

4

jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction . . . . If federal jurisdiction is doubtful, a remand is necessary." *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 197 (4th Cir. 2022) (internal quotations and citation omitted).[3]

Defendants removed this case from state court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket Entry 1 at 4-6; *see also* Docket Entry 16 at 5-8.) "With the exception of certain class actions, Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (footnote omitted). "[C]omplete diversity must have existed at the time of the filing of the state-court complaint and at the time of removal." *Mystic Retreat Med Spa & Weight Loss Ctr. v. Ascentium Cap. LLC*, 615 F. Supp. 3d 379, 383 (M.D.N.C. 2022). For an individual to be a citizen of a state, that person must be a "citizen of the United States and . . . domiciled within [that] State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828, (1989). As the Fourth Circuit has stated, "[d]omicile requires physical presence, coupled with an intent to make the State a home." *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (citing *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989)). Moreover, although corporations are generally citizens of the state (or foreign state) in which they are incorporated

---

[3] "On a motion to remand for lack of subject matter jurisdiction, the court may consider materials outside of the complaint including 'documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis' and may assume the truth of facts raised in the complaint that are non-jurisdictional." *BGC Partners Inc. v. Avison Young (Canada) Inc.*, No. 2:15-CV-02057-DCN, 2015 WL 7458593, at *1 n.2 (D.S.C. Nov. 24, 2015) (quoting *Romano v. Kazacos*, 609 F.3d 512, 520, 520 n.4 (2d Cir. 2010)).

and where it has its principal place of business, *see* 28 U.S.C. § 1332(c)(1); *Mountain State Carbon*, 636 F.3d at 102, the citizenship of an unincorporated association—for example, a limited partnership or a limited liability company— is determined by the citizenship of all of its members, *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016); *see also Cent. W. Va. Energy Co.*, 636 F.3d at 103; *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 223 (4th Cir. 2019). This citizenship-of-its-members rule "turns subject matter jurisdiction into a tedious exercise in drafting organizational charts: members of an unincorporated association may themselves be unincorporated associations, requiring courts and litigants to trace citizenship through multiple layers of ownership." *Hawkins*, 935 F.3d at 223; *see e.g.*, *Wells v. State Farm Fire & Cas. Co.*, No. 1:17CV400, 2017 WL 11897737, at *2 (M.D.N.C. Oct. 17, 2017) (unpublished) (explaining relationships through a chart); *Forrest v. Green Tree Servicing, LLC*, No. CIV.A. ELH-13-1525, 2013 WL 3270447, at *4 (D. Md. June 25, 2013) (unpublished) (tracing LLC membership through a chart).

Here, Defendants allege, on information and belief, that Plaintiff's sole member is a North Carolina citizen. (Docket Entry 16 at 5.) Defendants further allege the following multilayer business structure in its Amended Notice.[4] Sky Aircraft Maintenance is comprised

---

[4] 28 U.S.C. § 1653 allows for amendments to pleadings regarding defective allegations of jurisdiction. "Courts have interpreted 28 U.S.C. § 1653 as permitting parties to amend defective pleading allegations *at any time,* so long as the original removal was timely and the proposed amendment corrects a merely technical defect." *Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 235 (W.D.N.C. 2008) (emphasis in original). Simple technical defects include "a removal notice that was timely filed and which asserted diversity jurisdiction, but which inadvertently left out the citizenship of one of the parties." *Gray v. Remley*, No. 1:03CV421, 2004 WL 951485, at *5 (M.D.N.C. Apr. 30, 2004) (unpublished). Although Defendants did not file a motion to amend its notice of removal, it's clear that their desire is for the Court to consider the Amended Notice to correct technical jurisdictional defects alleged in the original notice of removal. *See Johnson v. Nutrex Rsch., Inc.*, 429 F. Supp. 2d 723,

of one member, AJP Newco, LLC. (*Id.*) Sky Aviation Holdings and TBO are both comprised of one member, Atlantic Jet Partners, LLC, which is comprised of one member, AJP Newco, LLC. (*Id.* at 7-8.) Thus, Defendants allege that their members can all be traced back to AJP Newco, LLC. (*Id.* at 5-8.)

AJP Newco, LLC is comprised of three corporations, one limited liability company, and one partnership. (*Id.* at 5.) The three corporations are Sky Aircraft Maintenance Holdings, Inc., Davidson Aircraft Maintenance Holdings, Inc., and Atlantic Jet Partners Holdings, Inc. (*Id.*) Each of these corporations is incorporated in Delaware and has its principal place of business in Florida. (*Id.* at 6.) The other two members of AJP Newco, LLC are Corbel AJP Blocker, LLC and Corbel Capital Partners SBIC II, L.P. (*Id.* at 5.) Corbel AJP Blocker, LLC, is comprised of one member, Corbel Capital Partners SBIC II, L.P (the same partnership as the fifth member of AJP Newco, LLC). (*Id.* at 6.)

Corbel Capital Partners SBIC II, L.P. is comprised of limited partners and a general partner. (*Id.*) Defendants state that "none of [the limited partners] are domiciliaries or citizens of the State of North Carolina." (*Id.*) The general partner of Corbel Capital Partners SBIC II, L.P. is Corbel Capital Advisors SBIC II, LLC. (*Id.*) Corbel Capital Advisors SBIC II, LLC's managing members are Jeffrey Schwartz, Jeffrey Serota, Kyung Yoon, and Michael Jones, each

---

727 (D. Md. 2006) ("Although the Defendants have not requested leave to amend the Notice of Removal to correct a defect, their opposition to Plaintiff's Motion to Remand seems to suggest that this Court should view the Defendants' subsequent filings as correcting or amending the original deficient Notice of Removal.") Even considering the Amended Notice, as explained herein, the undersigned finds that Defendants have not met their burden on the issue of jurisdiction.

7

of whom are domiciled in the state of California. (*Id.* at 6-7.)[5] "The remaining members are not domiciliaries or residents of the State of North Carolina." (*Id.* at 7.)

This Court created the following chart to visualize Defendants' business structure.



Here, Defendants did not disclose nor affirmatively plead the citizenship of each of their members through the multiple layers of ownership. *See Bostic Dev. at Lynchburg LLC v.*

---

[5] Again, Schwartz's declaration clarifies that "[e]ach of these individuals are domiciliaries of the State of California." (Schwartz Decl. ¶ 9.)

*Liberty Univ., Inc.*, No. CIV.A.6:05 CV 00013, 2005 WL 2065251, at *1 (W.D. Va. Aug. 25, 2005) (unpublished) ("[T]o properly allege that an unincorporated entity is diverse, a party must affirmatively allege the citizenship of each of its members."); *MB Realty Grp., Inc. v. Dolgencorp, LLC*, No. GJH-19-2300, 2021 WL 2457151, at *4 (D. Md. June 16, 2021) (unpublished) ("When jurisdiction depends on diversity of citizenship, citizenship should be distinctly and affirmatively alleged.") (internal quotations and citation omitted). Instead, Defendants, without identifying the amount of said individuals and/or entities, pleaded a negative: that "none" of the limited partners of Corbel Capital Partners SBIC II, L.P. were North Carolina citizens and that Corbel Capital Advisors SBIC II, LLC's "remaining members are not domiciliaries or residents of the State of North Carolina." (Docket Entry 16 at 6-7.) Alleging a party is not a citizen of a particular state has been found insufficient "to give jurisdiction." *Cameron v. Hodges*, 127 U.S. 322, 324 (1888); *see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("*Cameron* remains the governing precedent."); *SunTrust Bank v. Vill. at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686, 693-94 (E.D. Va. 2011) (citing *Cameron* for the rule "that negative allegations of citizenship are insufficient to establish diversity of citizenship"). Thus, when a removing party "pleads a negative, merely alleging that [its] members are not citizens of certain states," that party has "failed to satisfy [its] burden of establishing diversity of citizenship." *Percival Partners Ltd. v. Nduom*, No. 1:22-CV-16 (RDA/WEF), 2023 WL 2088421, at *5 (E.D. Va. Feb. 17, 2023), *aff'd*, 99 F.4th 696 (4th Cir. 2024); *accord. Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual

9

citizenship of the relevant parties."); *Receivership Est. of Mann Bracken, LLP v. Cline*, No. RWT 12CV292, 2012 WL 2921355, at *5 (D. Md. July 16, 2012) (same).

The rationale behind the rule against negative allegations of citizenship is that negative allegations leave open a possibility that parties might not be diverse. *See Cameron*, 127 U.S. at 322-25. For example, a negative allegation "does not eliminate the possibility that the person might be a citizen of no state of the United States," which would make the parties nondiverse. *Gouge v. Jear Logistics, LLC*, No. 122CV00040MOCWCM, 2022 WL 2135005, at *1 (W.D.N.C. June 13, 2022) (quoting 13E Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3611 (3d ed. 2009)).[6] Here, in pleading that "none" of the

---

[6] The undersigned acknowledges the Fourth Circuit's decision in *Jaffe-Spindler Co. v. Genesco, Inc.*, wherein a party alleged during oral argument—and opposing counsel agreed—that "no . . . limited partner was a Maryland citizen." 747 F.2d 253, 255 n.1 (4th Cir. 1984). Based on this allegation, that court found the parties diverse. *Id.* However, unlike whereas here the issue before the Court is a jurisdictional challenge by Plaintiff via a motion to remand, *Jaffe* was instead focused on "never having had occasion to address the issue of whether a limited partner's citizenship is relevant when the general partner is diverse[,]" *see id.*, a question the Supreme Court later answered in the affirmative in *Carden v. Arkoma Assocs.*, *see* 494 U.S. 185, 195 (1990). Two district court opinions have since considered whether *Jaffe* created a rule allowing negative allegations, and both appeared to decline a definitive position. *See Vest v. RSC Lexington, LLC*, No. 3:16-CV-3018-CMC, 2016 WL 6646419, at *6 (D.S.C. Nov. 10, 2016) (unpublished) ("For purposes of this order, the court will also assume without deciding that the Fourth Circuit would allow a party to rely on negative allegations as to its own citizenship in removal papers."); *SunTrust Bank*, 766 F. Supp. 2d at 694 ("[T]he Fourth Circuit in [*Jaffe*] did not appear to take issue with the use of such a negative allegation in the plaintiff's complaint . . . . This [c]ourt, . . . leaves to plaintiff the task of deciding whether it believes there is any alternative formulation of its jurisdictional allegations regarding the LLC. . . ."). Defendants do not rely on *Jaffe* to support their position.

The undersigned also notes *Contreras v. Thor Norfolk Hotel*. *See* 292 F. Supp. 2d 794, 797 (E.D. Va. 2003). *Contreras* found negative allegations sufficient for diversity jurisdiction based on the principle that "[a]n allegation of diversity is defective only where it 'fails to negate the possibility that diversity does not exist.'" *Id.* (quoting *Baer v. United Services Auto. Ass'n*, 503 F.2d 393, 397 (2d Cir. 1974)). But, as *Cameron* explained, negative allegations of citizenship *do* fail to negate the possibility that diversity does not exist. *See* 127 U.S. at 325; *D.B. Zwirn*, 661 F.3d at 126-27 (explaining how a person who does not share state citizenship with an opposing party might still not be diverse under modern law); *see also Vest*, 2016 WL 6646419, at *6 ("*Contreras*'s characterization of *Baer*'s holding is . . . somewhat confusing.").

10

limited partners of Corbel Capital Partners SBIC II, L.P. were North Carolina citizens and that Corbel Capital Advisors SBIC II, LLC's "remaining members are not domiciliaries or residents of the State of North Carolina," (Docket Entry 16 at 6-7), Defendants left open the possibility that the unnamed limited partners and remaining members are not diverse by, for example, being stateless. *See Gouge*, 2022 WL 2135005, at *1 (quoting Wright & Miller). Given this, and given that Defendants' declarations contained no additional information, there is no "objective way for the Court to compare the [citizenship] of Plaintif[f] and Defendants." *See Percival Partners*, 2023 WL 2088421, at *5. "Accordingly . . . [Defendants] have failed to satisfy their burden of establishing diversity of citizenship," *id.*, making remand appropriate.[7]

## IV. CONCLUSION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Remand (Docket Entry 12) be **GRANTED**, and this action be remanded to the General Court of Justice, Superior Court Division, in Cabarrus County, North Carolina for further proceedings.

/s/ Joe L. Webster
United States Magistrate Judge

September 30, 2024
Durham, North Carolina

---

[7] At the end of their Amended Notice, Defendants summarily "request the opportunity to conduct discovery" should any issues arise concerning this action being removed. (Docket Entry 16 at 9.) Defendants have not filed a motion for jurisdictional discovery, and in any event, such discovery is unnecessary. With the Amended Notice, Defendants have already attempted to correct defects from the original notice of removal. Jurisdictional discovery should not be fishing expeditions. *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2002). Here, "allowing the discovery would ultimately result in the futile delay of this case being remanded back to state court." *Rural Cmty. Hosps. of Am., LLC v. Rural Hosp. Grp., LLC*, No. 2:18-CV-00544, 2018 WL 3625837, at *1 (S.D.W. Va. July 30, 2018) (unpublished).